IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN L. GRAVES, II,             )
                                )
       Plaintiff,             )
                                )
  v.                            )          1:09CV841
                                )
DETECTIVE T.M. YANCEY,          )
DETECTIVE W.D. MARSH, and       )
DETECTIVE H.S. BROWN,           )
                                )
       Defendants.            )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff John L. Graves, II, a prisoner of the State of North Carolina, brought this civil action contending that the defendant law enforcement officers used excessive force and "deliberate negligence" during his arrest on October 27, 2007. Plaintiff Graves, who appears *pro se*, proceeds pursuant to 42 U.S.C. § 1983, alleging that the named Defendants violated his constitutional rights in the manner of his seizure during arrest. In his complaint, Plaintiff names as Defendants Detective T.M. Yancey, Special Agent William David Marsh, and Detective Harvey Shane Brown. Defendants have answered the complaint and, subsequently, filed a motion for summary judgment, supported by affidavits. (Docket No. 16.) Plaintiff has responded and filed an affidavit on his own behalf. The motion for summary judgment is before the Court for a ruling.

## The Complaint

In his *pro se* complaint, Plaintiff Graves presents the following factual allegations. He states that on October 27, 2007, around 8:00 p.m., the local SWAT team from Bristol, Virginia, raided Room 204 of the Econo Lodge Motel. He alleges that this team was lead by Burlington, North Carolina Police Department Detectives Yancey, Marsh, and Brown, the Defendants herein. Plaintiff says the he and his girlfriend were asleep when "the door was kicked in." (Docket No. 2, Complaint ("Compl."), ¶ III.) A picture window was broken and stun grenades were thrown into the room. Several officers in tactical gear burst into the room. Plaintiff Graves was "snatched off the bed by [his] ankles and slammed on the floor on top of a grenade that had not exploded." Several officers pressed their weapons, feet, and knees into his back. A grenade near his left shoulder exploded, numbing the left side of his body, causing him to "go into panic and shock." He was dragged out of the room and slammed face down on the concrete where there was broken glass. Once again, weapons, feet, and knees were pressed into his back. He was taken to jail. Plaintiff was later put on medication for constant pain, and remains in pain with limited use of his arm and a disfiguring burn covering his left shoulder. Plaintiff alleges that each Defendant named in the complaint is responsible for the deprivation of his rights because "they were in charge of the raid since they were the lead detectives on the manhunt" which led to Plaintiff's

-2-

capture.[1] He states that they were responsible for briefing the other officers before they raided Plaintiff's room. Plaintiff Graves requests monetary damages from the Defendants. (*Id.*)

## The Summary Judgment Standard of Review

A party is entitled to judgment as a matter of law upon a showing that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The material facts are those identified by controlling law as essential elements of claims asserted by the parties. A genuine issue as to such facts exists if the evidence forecast is sufficient for a reasonable trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of its case as to which it would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In evaluating a forecast of evidence on summary judgment review, the court must view the facts and inferences reasonably to be drawn from them in the light most favorable to the nonmoving party.

When the moving party has carried its burden, the nonmoving party must come forward with evidence showing more than some "metaphysical doubt" that genuine and material factual issues exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), *cert. denied,* 481 U.S. 1029 (1987). A mere scintilla of evidence is

---

[1] Plaintiff Graves was wanted for the shooting of Toreano Edgar Graham.

-3-

Case 1:09-cv-00841-CCE-PTS   Document 22   Filed 11/25/11   Page 3 of 7

insufficient to circumvent summary judgment. *Anderson*, 477 U.S. at 252. Instead, the nonmoving party must convince the court that, upon the record taken as a whole, a rational trier of fact could find for the nonmoving party. *Id*. at 248-49. Trial is unnecessary if "the facts are undisputed, or if disputed, the dispute is of no consequence to the dispositive question." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993).

## Discussion

In support of their motion for summary judgment, each Defendant has submitted an affidavit. Taken together, the affidavits make a showing that Burlington police detectives began a missing person investigation regarding Toreano Edgar Graham on October 21, 2007. It became apparent through investigation that Graham may have been murdered. Various lines of evidence, including cell phone records, led to Plaintiff Graves as a suspect. Information was developed indicating that Plaintiff was staying with his girlfriend at an Econo Lodge in Bristol, Virginia, on the night of October 27.

The Bristol Police Department was contacted and informed of the situation. Bristol police initiated surveillance and confirmed that a person matching Plaintiff's description was staying at the motel. Detectives Brown and Special Agent Marsh traveled to Bristol to meet with Bristol's Special Response Team ("SRT"). Detective Yancey did not travel to Bristol. Detective Brown and Special Agent Marsh met with Bristol's SRT, whereupon the SRT took over the operation. Neither Brown nor Marsh was involved in the plan on how to enter and arrest Plaintiff. During the raid, Brown and Marsh were instructed to position

themselves about a block away from the motel. They waited at a gas station, as instructed, during the raid. Neither was present at the motel room during the use of force of which Plaintiff complains in his complaint. By the time they arrived at the motel, Plaintiff was in handcuffs. Plaintiff was in the custody of the Bristol Police Department for three days, was charged with a fugitive warrant, and was transported back to Burlington, North Carolina, on October 30, 2007. (Docket No. 16, Defs.' Mot. for Summ. J., Ex. A, Affidavit of Detective Thomas Mark Yancey; Ex. B, Affidavit of Special Agent William David Marsh; Ex. C, Affidavit of Detective Harvey Shane Brown.)

Plaintiff Graves has filed an affidavit in support of his opposition to Defendants' motion for summary judgment. (Docket No. 21, Pl.'s Affidavit.) He avers that the missing person report concerning Graham was assigned to Detective Yancey, "making everything involving the case his responsibility." Detectives Brown and Marsh "got involved to assist with the case . . . ." It became apparent that Graham may have been murdered and Plaintiff Graves was a suspect. Plaintiff was tracked to a motel in Bristol, Virginia. On October 27, 2007, Detectives Brown and Marsh traveled to Bristol and met with Bristol's SRT. Plaintiff's motel room was raided; at the time, both occupants of the room were in bed. No warning or chance to surrender was given. No weapon was found in the motel room. Detectives Yancey, Brown, and Marsh "were liable for Mr. Graves well being once they were assigned to the case, and Mr. Graves became a suspect." (*Id*. at 1-3.)

On this summary judgment record, it is apparent that all Defendants are entitled to judgment in their favor. Plaintiff has not contradicted any material showing made by Defendants. It is undisputed that Defendants were not present in the motel room when Plaintiff was arrested and force was applied to him. The use of force described by Plaintiff, specifically the grabbing of Plaintiff by his ankles, his seizure on top of a stun grenade, and the forcing of Plaintiff to the concrete where there was broken glass, are all incidents that occurred spontaneously during the raid, and were accomplished by persons other than the Defendants.

Use of force during an arrest is governed by the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386 (1989). Here, although it appears unlikely that the force alleged by Plaintiff could be seen as unreasonable under the circumstances in which the SRT acted, the Court does not reach that question. The Defendants named herein neither applied the force in question nor, under any evidence before the Court, instructed others to use the particular force alleged. Instead, Plaintiff seeks to hold Defendants liable under a theory of *respondeat superior*, reasoning that they should be liable to Plaintiff because they were in charge of the investigation that led to Plaintiff. Nonetheless, it is well established *respondeat superior* is inapplicable to § 1983 suits. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Since Plaintiff has raised no issue of personal responsibility on the part of Defendants, his claims against the Defendants fail

in their entirety. Accordingly, Defendants' motion for summary judgment should be granted.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that Defendants' motion for summary judgment (Docket No. 16) be granted, and that this action be dismissed with prejudice.

/s/ P. Trevor Sharp<br>
United States Magistrate Judge

Date: November 25, 2011